

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Earnest
County Attorney, Mitchell County
Colorado City, Texas

Dear Sir:

Opinion No. O-5321
Re: Interpretation of Article
6675a-6a.

     Your request for an opinion involving a construction of Article 6675a-6a, Vernon's Annotated Civil Statutes, has been received by this office, and reads, in part, as follows:

> "Is a farm owner who hauls stone quarried from his own farm and sells them at a distance, transporting them on highway in a truck registered as a farm vehicle subject to the fine under Article 6675a-6a?"

     Article 6675a-1, Subsection (1), Vernon's Annotated Civil Statutes, defines a commercial vehicle as follows:

> "Commercial Motor Vehicles" means any motor vehicle (other than a motorcycle or passenger car) designed or used primarily for the transportation of property, including any passenger car which has been reconstructed so as to be used, and which is being used, primarily for delivery purposes, with the exception of passenger cars used in the delivery of the United States mails."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joe Earnest, page 2

Article 6673a-6 prescribes the annual license fee for registration of commercial vehicles based upon gross weight, equipment of tires, etc.

Article 6675a-6a, reads, in part, as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner, thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch, the registration license fee, for the weight classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed for weight classifications in Section 6 of the Act hereby amended, as amended in this Act; * * *"

Article 6675a-6a is an exception to Article 6675a-1 and must be strictly construed.

"It is an established rule of construction also that a statute which constitutes an exception to a general law will be strictly construed and not extended by judicial construction." 39 Tex. Jur., 278, citing Tyson v. Britton, 6 Tex. 222; Roberts v. Yarbro, 41 Tex. 449 and Moss v. Bross, 221 S. W. 343.

If the use of a commercial vehicle under the facts stated in your request does not come clearly within the foregoing exception, the registration fee provided for in Article 6675a-1 must be paid by the owner thereof.

It can be readily seen that this is not the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, nor is it laborers, materials, equipment, supplies, etc., being transported to his farm or ranch; thus leaving only the question as to whether the use of said vehicle under the facts stated is being used to transport farm products to market or to other points for sale or processing.

Geologically "rock" means mineral matter of any kind occurring naturally in large quantities and it may be consolidated (solid) or unconsolidated (disintegrated). Clark v. Walker, 150 S. W. (2d) 1082.

A "mine" is a pit or excavation in the earth from which ore or mineral substances are taken by digging. Spring Side Coal Mining Company v. Grogen, 53 Ill. App. 60.

In its common and ordinary signification, the word "mineral" is not a synonym of "metal," but is a comprehensive term, including every description of stone and rock deposit, whether containing metalic substances or entirely non-metalic. Northern Pacific Railway v. Soderberg, 97 Fed. 506.

In the Permanent Edition of "Words & Phrases," Vol. 16, page 264, we find that the Court has defined "farming" and "farm products" in the following statements:

"Farming is the business of cultivating land, or employing it for the purpose of husbandry." In re Drake, 114 Fed. 229.

"All things are considered as 'farm products' or 'agricultural products' which have a situs of their production on the farm and which are brought into condition for uses of society by labor of those engaged in agricultural pursuits as contradistinguished from manufacturing or other industrial pursuits." In re Rogers, 279 N. W. 803.

In the case of Pratt v. City of Macon, 134 S.E. 191, it was held that water drawn by a farmer from a well located on his own land, bottled, transported by him in his own truck, and delivered to his customers, was not a "farm product."

It is our opinion that a person engaged in quarrying rock on his own farm is not engaged in farming but to the extent of his quarry business is engaged in mining, although he may also be engaged in farming some part of the land upon which is quarry is located.

It is our further opinion that the rock so quarried is not a "farm product" within the meaning of Article 6675a-6a, nor does it fall within any of the other exceptions found in said article; therefore your request is answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. P. Watts
Assistant

WPW:EP

